IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRAND TRUNK CORPORATION, as Plan Administrator for the Canadian National Railway Company Management Savings Plan for U.S. Operations, and the CANADIAN NATIONAL RAILWAY COMPANY MANAGEMENT SAVINGS PLAN FOR U.S. OPERATIONS<br><br>Plaintiffs,<br><br>v.<br><br>LAURIE FLIESS, and<br>JENNIFER HARRINGTON, and<br>ESTATE OF RICHARD FLIESS<br><br>Defendants. | Case No. |

## COMPLAINT FOR INTERPLEADER

Plaintiffs, Grand Trunk Corporation ("Grand Trunk"), acting as Plan Administrator for the Canadian National Railway Company Management Savings Plan for U.S. Operations, and the Canadian National Railway Company Management Savings Plan for U.S. Operations (the "Plan") (together, the "Plaintiffs"), hereby bring this interpleader action against Defendants Laurie Fliess, Jennifer Harrington, and the Estate of Richard Fliess. In support of their Complaint for Interpleader, Plaintiffs allege as follows:

### NATURE OF ACTION

1. This action involves the entitlement to retirement benefits (the "Fund Proceeds"), arising from the divorce and subsequent death of a former employee of an affiliate of the Canadian National Railway Company ("CN"), Richard Fliess. These benefits were due under the Canadian National Railway Company Management Savings Plan for U.S. Operations (the "Plan"), in which Richard Fliess participated while he was so employed.

2. The Plan is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

3. Grand Trunk is the Plan Administrator for the Plan and is a Plan fiduciary.

4. On February 20, 2007, a Judgment for Dissolution of Marriage (the "Judgment") was entered as to the marriage of Richard Fliess and Defendant Laurie Fliess. As part of that Judgment, Laurie Fliess was awarded an interest in the Fund Proceeds, contingent on Laurie Fliess preparing a Qualified Domestic Relations Order ("QDRO") and having it entered. More than three years after the entry of the Judgment, Laurie Fliess took the initial steps to have the QDRO entered. In the meantime, Richard Fliess passed away, at which time Defendant Jennifer Harrington was the sole beneficiary of the Fund.

5. For the reasons discussed below, Plaintiffs are unsure of whether to distribute the Fund Proceeds to: (1) Laurie Fliess, pursuant to the Judgment and forthcoming QDRO, (2) to Jennifer Harrington, pursuant to Richard Fliess' designation of Harrington as the beneficiary of the Fund, or (3) to the Estate of Richard Fliess (the "Estate"), as ordered by Cook County Circuit Court Probate Judge James W. Kennedy in a July 7, 2009 court order. Plaintiffs bring this lawsuit for interpleader to ask this Court to determine which of the Defendants are proper recipients of Fund Proceeds and in what amount.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, as well as pursuant to 29 U.S.C. § 1132(a)(3) and Fed. R. Civ. P. 22.

7. 28 U.S.C. § 1335 grants a federal district court "original jurisdiction of any civil action of interpleader or in the nature of interpleader" filed by a party "having in its custody or possession money...of the value of $500 or more, if [t]wo or more adverse claimants, of diverse

2

citizenship...are claiming or may claim to be entitled to such money...; and if the plaintiff has deposited such money...into the registry of the court." 28 U.S.C. § 1335(a)(1), (2).

8. In addition, 29 U.S.C. § 1132(a)(3) allows a plan fiduciary to bring a legal action seeking "appropriate equitable relief... to enforce... the terms of the plan." This interpleader action, asking the Court to determine the proper beneficiary of benefits under ERISA and the Plan, seeks such equitable relief. *See, e.g., Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033-34 (9th Cir. 2000); *Metropolitan Life Ins. Co. v. Bigelow*, 283 F.3d 436, 440 (2nd Cir. 2002); *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997).

9. Fed. R. Civ. P. 22 provides that "a person having claims against the plaintiff may be joined as defendants when their claims are such that the plaintiff is or may be subject to double or multiple liability."

10. Each basis for jurisdiction either requires or allows Plaintiffs to deposit the Fund Proceeds with this Court. 28 U.S.C. § 1335(a)(1), (2); 29 U.S.C. § 1132(a)(3); Fed. R. Civ. P. 22. As such, upon filing of this Complaint or as soon as practicable thereafter, Plaintiffs intend to deposit the Fund Proceeds with the Clerk of the United States District Court for the Northern District of Illinois.

11. Pursuant to 28 U.S.C. § 1391(b), and upon information and belief, venue is proper in the Northern District of Illinois, Eastern Division, for the following reasons: (1) the probate case involving the Estate is currently pending in the Circuit Court for Cook County, which is located within the Northern District of Illinois; (2) the divorce proceedings are pending in the Circuit Court for Will County, which is located in the Northern District of Illinois; (3) counsel for Plaintiffs, Jennifer Harrington, and the Estate practice and have offices located within the geographic boundaries of the Northern District of Illinois; (4) during the time he was employed

3

by CN, Richard Fliess lived in Mokena, Illinois; which is located within the Northern District of Illinois; and (5) the Grand Trunk office responsible for administering the Fund Proceeds is located within the Northern District of Illinois.

## PARTIES

12. Plaintiff Grand Trunk Corporation is a corporation incorporated in Delaware on September 21, 1970, and authorized to conduct business in the state of Illinois.

13. Plaintiff Canadian National Railway Company Management Savings Plan for U.S. Operations is an employee benefit plan governed by ERISA.

14. Defendant Laurie Fliess is an individual residing in Nashville, Tennessee. She is Richard Fliess' former spouse and has been identified as a potential payee of the Fund Proceeds pursuant to the Judgment and forthcoming QDRO to be entered in accordance with that Judgment.

15. Defendant Jennifer Harrington is an individual residing in Jacksonville, Florida. She is Richard Fliess' sister and is the named beneficiary of the Fund.

16. Defendant the Estate of Richard Fliess is comprised of the assets and liabilities of Richard Fliess, and is currently before the Circuit Court of Cook County, Probate Division.

## THE FLIESS DIVORCE, RICHARD FLIESS' DEATH, AND SUBSEQUENT COMPETING CLAIMS

17. On February 20, 2007, the Judgment was entered in the matter of *Richard Fliess v. Laurie Fliess*, Case No. 06 D 1098, pending before the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. (Judgment for Dissolution of Marriage, attached hereto as Exhibit A.) The Judgment effectuated the divorce of Richard Fliess and Defendant Laurie Fliess. (*Id.*)

18. In directing the division of Richard Fliess' retirement account, the Judgment stated that Laura Fliess would:

be entitled to receive $29,384.00 of the balance [of Mr. Fliess' 401k account]. That any remaining funds shall be awarded to [Richard Fliess]. ... Said assignment of [Richard Fliess'] account benefits shall be accomplished through the entry of a Qualified Domestic Relations Order (QDRO). It will be the sole responsibility of [Laurie Fliess] to prepare the QDRO and have same entered.

(Ex. A at p 15, ¶ B.)

19. Subsequent to entry of the Judgment, Richard Fliess passed away on August 11, 2007. At that time, despite the passing of nearly six months, Laurie Fliess had not yet prepared or submitted a QDRO in relation to the Fund Proceeds, despite direction from the court that preparation and seeing to the entry of the QDRO was solely her responsibility and a necessary prerequisite to payment of the Fund Proceeds.

20. At the time of Richard Fliess' death, Plaintiffs were aware of the Judgment, but were also aware that Richard Fliess had named his sister, Jennifer Harrington as the sole beneficiary to the Fund. (Beneficiary Designation, attached hereto as Exhibit B.) In fact, at the time of Richard Fliess' death, Plaintiffs informed the Estate that there was a "disbursement restriction" on the account due to its previous receipt of a copy of the Judgment.

21. Due to Laurie Fliess' failure to see to the entry of the QDRO and the competing interests in the Fund Proceeds, Plaintiffs did not pay out the Fund Proceeds at that time, and have not distributed any proceeds from the Fund as of their filing of this Complaint. As of the filing of this Complaint, the Fund Proceeds consist of a total balance of $50,061.37.

22. On March 11, 2010, more than three years after entry of the Judgment, Laurie Fliess filed a Motion to Allow Entry of QDRO *nunc pro tunc* in the Will County divorce action. (Motion for Entry of QDRO, attached hereto as Exhibit C.) In response, counsel for the Estate and for third-parties Grand Trunk and the Plan each filed briefs in response to Laurie Fliess' motion.

23. The Estate filed a brief in which it objected to the entry of a QDRO either *nunc pro tunc* or presently dated. (Richard Fliess' Response to Motion to Allow Entry of QDRO, attached hereto as Exhibit D.) Therein, the Estate argued that the entry of any QDRO was improper following Richard Fliess' death. (*Id.*) Further, the Estate argued that any interest that Laurie Fliess was awarded under the Judgment had been waived, and that Jennifer Harrington, as beneficiary, was now entitled to the Fund Proceeds. (*Id.*)

24. Plaintiffs filed a third-party brief "to request definitive guidance from [the] Court that will allow the Plan to comply with [the] Court's wishes and to avoid future litigation stemming from the turning over of the [Fund Proceeds] at issue here." (Plaintiffs' Third Party Brief, attached hereto as Exhibit E, at p. 2.) In their brief, Plaintiffs stated that if a presently-dated QDRO was entered by Judge Brumond, Plaintiffs would find themselves in the position of having to determine whether Laurie Fliess or Jennifer Harrington was entitled to the Fund Proceeds. (*Id.*) This due, primarily, to the unclear state of the law as to the effect of QDROs entered after the death of the account participant, or here, the death of Richard Fliess. (*Id.*)

25. After briefing and argument by counsel for Laurie Fliess, the Estate (also representing Defendant Jennifer Harrington), and third-parties Grand Trunk and the Plan, Judge Brumond granted Laurie Fliess' Motion and ordered that the parties submit an agreed-upon QDRO on or before June 30, 2010 for entry by the court. (May 24, 2010 Court Order, attached hereto as Exhibit F.) Despite ordering entry of the QDRO, Judge Brumond denied Laurie Fliess' request insofar as she requested that the QDRO be entered *nunc pro tunc*.

26. As a result of Judge Brumond's ruling, Plaintiffs find themselves in the precarious position of having to weigh the legal effects of the Judgment awarding the Fund Proceeds to

6

Laurie Fliess, a soon to be entered QDRO dated nearly three years after Richard Fleiss' death, and Jennifer Harrington's interest in the Fund Proceeds as sole beneficiary to the Fund.

27. On July 7, 2009 a court order was entered by Cook County Circuit Court Probate Judge James W. Kennedy directing that the Fund Proceeds be turned over to the Estate. (July 7, 2009 Court Order, attached hereto as Exhibit G.) With this order, an additional potential party of interest was identified, and the analysis of which party is entitled to Fund Proceeds and in what amount was further complicated by a competing order directing Plaintiffs to disburse the entirety of the Fund Proceeds to yet another party.

28. Because of the conflicting claims to the Fund Proceeds, the Plan faces the potential of multiple liability if Plaintiffs make a final determination regarding the distribution of the Fund Proceeds, pay out the Fund Proceeds to Laurie Fliess, Jennifer Harrington, or the Estate, and then one or more of the other Defendants file and win lawsuits for the Fund Proceeds. This interpleader action is necessary to protect the Plan's assets, which represent the hard-earned retirement savings of CN employees, from potential multiple liability.

29. Since Plaintiffs do not assert any interest in the Fund Proceeds, and do not dispute that they are due to Laurie Fliess, Jennifer Harrington, and/or the Estate, Plaintiffs are mere disinterested stakeholders to this action, with no interest in the controversy between the Defendants.

30. Plaintiffs seek, by way of this interpleader, certainty regarding the Defendants' respective rights to the Fund Proceeds, and seek to protect the Plan's assets from potential multiple liability.

7

31. Based on the foregoing, there is presently an actual, justiciable controversy as to the Fund Proceeds, and Plaintiffs, as disinterested stakeholders, are entitled to the relief requested herein.

32. As mere stakeholders initiating this interpleader action, Plaintiffs are entitled to recover their reasonable attorneys' fees, costs of court, and expenses incurred as a result of these proceedings, for which sums Plaintiffs seek recovery. *See Prudential Ins. Co. of Am. V. Boyd*, 781 F.2d 1494 (11th Cir. 1986) ("In an interpleader action, costs, and attorneys' fees are generally awarded, in the discretion of the court to the plaintiff who initiates the interpleader as a mere disinterested stakeholder."); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359 (5th Cir. 1983) (district court has authority to award costs, including reasonable attorneys' fees, in interpleader actions); *Murphy v. Travelers Ins. Co.*, 534 F.2d 359 (5th Cir. 1976) (as a general rule, when an interpleader action is successful, the court awards costs, as well as attorneys' fees to stakeholder); *Connecticut General Life Ins. Co. v. Thomas*, 910 F. Supp. 2d 297 (S.D. Tex. 1995); *Commerce Funding Corp. v. Southern Financial Bank*, 80 F. Supp. 2d 582 (E.D. Va. 1999); *Maddux v. Philadelphia Life Ins. Co.*, 77 F. Supp. 2d 1123 (S.D. Cal. 1999).

33. All conditions precedent to this action have occurred or have been performed.

WHEREFORE, Plaintiffs pray that this Court take jurisdiction over this matter, and issue an order or orders:

(A) granting Plaintiffs' request for Interpleader;

(B) dismissing Plaintiffs Grand Trunk and the Plan from this action with prejudice;

(C) granting Plaintiffs Grand Trunk and the Plan judgment for their reasonable fees and costs, to be paid from the Fund Proceeds after the Court determines the proper party or parties to be paid from the Fund Proceeds and before this Court orders payment of the Fund Proceeds to any proper party;

(D)  granting Plaintiffs Grand Trunk and the Plan an injunction barring any and all Defendants to this action, and their successors and assigns, from instituting any action against Grand Trunk or the Plan, individually or together, with respect to the Fund Proceeds;

(E)  requiring the Defendants in this action to proceed before this Court to determine the proper disposition of the Fund Proceeds.

Dated: September 1, 2010

GRAND TRUNK CORPORATION, as Plan Administrator for The Canadian National Railway Company Management Savings Plan for U.S. Operations, and THE CANADIAN NATIONAL RAILWAY COMPANY MANAGEMENT SAVINGS PLAN FOR U.S. OPERATIONS, Plaintiffs

By: /s/ Matthew R. Campobasso
One of Their Attorneys

Michael F. Tomasek
Matthew R. Campobasso
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677
312-360-6000

*Attorney for Plaintiffs*