IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRAND TRUNK CORPORATION, etc., )
et al.,                        )
                               )
        Plaintiffs,            )
                               )
   v.                          )    No.  10 C 5525
                               )
LAURIE FLIESS, et al.,         )
                               )
        Defendants.            )

MEMORANDUM OPINION AND ORDER

Last week Grand Trunk Corporation ("Grand Trunk"), as Plan Administrator for an employee benefit plan, instituted a Complaint for Interpleader against Laurie Fliess, Jennifer Harrington ("Harrington") and the Estate of Richard Fliess ("Estate"), posing what promise to be some extraordinarily interesting legal questions.[1]  But this memorandum opinion and order is triggered by this Court's threshold duty to inquire into subject matter jurisdictional questions, for as our Court of Appeals has regularly taught in such cases as <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a
> complaint is filed is check to see that federal
> jurisdiction is properly alleged.

---

[1]  As an initial matter, Grand Trunk's counsel is requested to confirm--if such is the case--that the Canadian National Railway Company, the corporation that has established the employee benefit plan, is unrelated to the Canadian Pacific corporation.  Existing stock ownership in the latter corporation could trigger this Court's disqualification under 28 U.S.C. §455(b)(4) if it is affiliated with Canadian National.

In that regard a potential basis for federal-question jurisdiction stems from an ERISA provision (29 U.S.C. §1132(a)(3)), as explained in Complaint ¶8. At least three Courts of Appeals (not including our own) have so decided in cases cited in Complaint ¶8, and absent any input to the contrary this Court would anticipate following those authorities as to the existence of subject matter jurisdiction.

Complaint ¶¶6 and 7 also invoke diversity jurisdiction under 28 U.S.C. §1335,[2] and it is prudent to examine that proposition in the event that the ERISA-based predicate were to prove flawed. But on the diversity front, the Complaint leaves a good deal to be desired.

Thus Section 1335 predicates jurisdiction on the presence of two or more adverse claimants of diverse citizenship who have claimed or may claim to be entitled to the money held by the interpleader plaintiff. In that respect, however, Complaint ¶¶14 and 15 speak only of the places of <u>residence</u> of Laurie Fliess and Harrington, even though by definition the relevant facts are their states of <u>citizenship</u> rather than residence. In that circumstance our Court of Appeals counsels a Draconian result: <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) has again repeated the command that "when the parties allege

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

residence but not citizenship, the district court must dismiss the suit."

Another possible issue has double significance, both as to diversity and as to standing. It has been mentioned earlier that Estate is named as the third defendant. But under Fed. R. Civ. P. ("Rule") 17(b)(3) the capacity to sue or be sued is a function of Illinois law, and such that capacity is not vested in Estate--as taught in such cases as <u>In re Marriage of Schauberger</u>, 253 Ill.App.3d 595, 598, 624 N.E.2d 863, 866 (2d Dist. 1993)(citing a First District case confirming the same principle):

> An estate lacks the capacity to sue or be sued, and any action must be brought by or against the executor or representative of the estate.

That in turn brings into play Section 1332(c)(2), which specifies that for diversity purposes the relevant citizenship is that of Richard Fliess when he was alive--and as with the individual defendants, Complaint ¶11 speaks only of where he lived (his place of residence, which is not necessarily congruent with his state of citizenship).

So Grand Trunk's counsel must go back to the drawing board (a metaphoric turn of phrase that, like "sharpening one's pencil," seems anachronistic in this computer era) to fashion a suitable amendment to the Complaint to cure all of the deficiencies identified here. But because of the earlier-stated

likelihood that federal question jurisdiction exists in any event:

    1. This Court is contemporaneously issuing its customary initial scheduling order.

    2. Grand Trunk is not precluded from implementing its stated plan (Complaint ¶10) to deposit the retirement benefits at issue with the Clerk of this District Court. If it does so, and if it were to turn out later that federal jurisdiction is entirely absent (as appears to be at most a remote possibility), there should be no difficulty in unraveling the situation and restoring Grand Trunk to its pre-suit position.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 7, 2010